UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1440 FMO (PVCx) | Date | August 18, 2022 |
|---|---|---|---|
| Title | Lusene Varkins v. TJC Transport LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):    Attorney Present for Defendant(s):
None Present                                 None Present

**Proceedings:**    (In Chambers) Order to Show Cause Re: Subject Matter Jurisdiction

On February 17, 2021, Lusene Varkins ("plaintiff" or "Varkins") filed a Complaint against TJC Transport LLC, d/b/a Coastline Transport ("TJC Transport LLC") and Michael David Collins, II ("Collins"). (See Dkt. 1, Complaint at ¶¶ 2-3). On September 17, 2021, the court consolidated Dante King v. TJC Transport, LLC, et al., ED CV 21-1116 ("King Action") with this action pursuant the parties' stipulation. (See Dkt. 31, Court's Order of September 17, 2021). On September 30, 2021, Varkins and Dante King ("King") filed a Consolidated First Amended Complaint [] (Dkt. 33, "FAC") against TJC Transport LLC and Collins. On August 8, 2022, the court vacated the consolidation order, re-opened the King Action, and remanded the King Action to state court for lack of subject matter jurisdiction. (See Dkt. 58, Court's Order of August 8, 2022, at 3).

For the reasons set forth in the Court's Order of August 8, 2022, the court is not persuaded that plaintiff has sufficiently alleged facts establishing diversity jurisdiction.[1] See Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) ("[T]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.") (internal quotation marks omitted). Accordingly, IT IS ORDERED THAT no later than **August 30, 2022**, plaintiff shall file a Second Amended Complaint that sets forth sufficient allegations establishing that the court has diversity jurisdiction over the instant action. Failure to file a Second Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of jurisdiction and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | gga |

---

[1] Plaintiff seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 33, FAC at ¶ 7).